UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,

                           Plaintiff,

     -against-

AMERICAN ARMS, INC., et al.,

                      Defendants,
-----------------------------------------------------------------X
NATIONAL ASSOCIATION FOR THE
ADVANCEMENT OF COLORED PEOPLE,

                           Plaintiff,

     -against-

ACU-SPORT CORP., Inc., et al.,

                    Defendants,
-----------------------------------------------------------------X

99 Civ. 3999 (JBW)
99 Civ. 7037 (JBW)

NOTICE TO TAKE
DEPOSITION UPON
<u>ORAL EXAMINATION</u>

     **PLEASE TAKE NOTICE,** that pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedure, the testimony upon oral examination of KENT R. MARKUS will be taken before a Notary Public who is not an attorney, or an employee of an attorney, for any party or prospective party herein and is not a person who would be disqualified to act as a juror because of interest or because of cansanguinity or affinity to any party herein, at the office of LEAHEY & JOHNSON, P.C., located at 120 Wall Street, New York, New York, on February 4, 2003 at 9:00 o'clock in the forenoon of that day with respect to evidence and material necessary in the defense

of this action.

That the said person to be examined is required to produce at such examination any and all documents relative to the claims in the Plaintiff's 5th Amended and Consolidated Complaint and as set forth in the accompanying rider.

Dated: New York, New York
January 10, 2003

                              Respectfully submitted,

                BY: _____
                     James P. Tenney (JT 4973)

                     **LEAHEY & JOHNSON, P.C.**
                     Attorneys for JERRY'S Defendants
                     120 Wall Street
                     New York, NY 10017-5947
                     (212) 269-7308

TO:   ELISA BARNES, ESQ.
        Attorney for Plaintiff
        Law Office of Elisa Barnes
        111 Broadway, 4th Floor
        New York, NY 10006

**RIDER FOR THE DEPOSITION OF KENT R. MARKUS**

1. All written reports, summaries, outlines, and/or opinions prepared by or for the Deponent relating to this litigation, or that the Deponent expects to use or offer in this litigation, including all drafts and final versions of those items

2. All documents and correspondence that the Deponent received from and/or provided to Plaintiff, Plaintiff's attorneys, and/or other agents of Plaintiff, including, but not limited to Plaintiff's experts, consultants, investigators and/or assistants, relating to this action. This request includes, but is not limited to, all documents regarding the retention of the Deponent and the compensation agreed to be paid Deponent for any work performed on behalf of Plaintiff, and/or documents and/or invoices reflecting all payments made to or requested by Deponent for work done on behalf of Plaintiff.

3. All documents reflecting the amount of time the Deponent has worked on behalf of Plaintiff specifically in connection with this litigation.

4. All documents reflecting payments or disbursements made by the Deponent or at the Deponent's request to others who have performed work on behalf of Plaintiff in connection with this litigation.

5. All documents, notes, or other items reflecting or pertaining to written instructions, directions, or requests made by the Deponent to others assisting him in connection with work performed on behalf of Plaintiff in connection with this litigation.

6. All documents, notes, writings, exemplars, models, sketches, drawings, materials, samples, photographs, negative copies of photographs, videotapes and/or tangible items the Deponent prepared and/or reviewed in connection with preparing any reports and/or affidavits and/or in reaching any of his opinions in this litigation, including, but not limited to, all drafts or non-final versions of those terms.

7. All documents, notes, writings, exemplars, models, sketches, drawings, materials, samples, photographs, negative copies of photographs, videotapes and/or tangible items the Deponent prepared and/or reviewed in preparation for this deposition.

8. All documents, notes, writings, articles, materials, samples, photographs, videotapes and/or tangible items the Deponent may or will rely on and/or refer to in giving expert testimony in this litigation.

9. A list of all other cases in which the Deponent has testified as an expert at trial, in an administrative or similar proceeding, and/or by deposition within the preceding four (4) years.

10. Copies of transcripts of the Deponent's testimony in cases in which he has testified as an expert at trial, in an administrative or similar proceeding, and/or at a deposition within the preceding four (4) years.

11. The Deponent's entire file with regard to this lawsuit including, but not limited to, all photographs, negative copies of photographs, videotapes, reports, records, notes, drafts, documents, writings, articles and other tangible things.

12. All "academic and trade literature on marketing and distribution," "literature on the firearms industry and other industries" and "documents and testimony relating to the gun industry" reviewed and/or relied upon by Deponent in connection with preparing his expert report.

13. All documents, writings, articles, materials, tangible items, testimony and/or "case-related material" reviewed and/or relied upon by Deponent in connection with this matter after December 20, 2002.

14. All documents, writings, articles, materials and/or tangible items reviewed and/or relied upon by Deponent concerning the "primary and secondary markets" for firearms.

15. All documents, writings, articles, materials and/or tangible items reviewed and/or relied upon by Deponent concerning the distribution structure of the "primary firearms market," including but not limited to, "buying groups, home businesses, gun shows and Internet sales."

16. All documents, writings, articles, materials and/or tangible items reviewed and/or relied upon by Deponent concerning the relationship between firearm manufacturers, wholesale distributors and retail dealers, including, but not limited to, distribution agreements, stocking dealer programs and "spiffs."

17. All documents, writings, articles, materials and/or tangible items reviewed and/or relied upon by Deponent concerning the use of computers and/or bar code systems by the firearms industry.

18. All documents, writings, articles, materials and/or tangible items reviewed and/or relied upon by Deponent concerning the alleged division of firearms from the "legal to the illegal marketplace."

19. All documents, writings, articles, materials and/or tangible items reviewed and/or relied upon by Deponent concerning the sources of allegedly diverted firearms, including, but not limited to, alleged "scofflaw, unscrupulous, corrupt or fraudulent" FFL dealers and retail dealers that become "allied with criminals to engage in illegal sales."

20. All documents, writings, articles, materials and/or tangible items reviewed and/or relied upon by Deponent concerning FFL dealers allegedly "ignoring ATF regulations . . . and not being cooperative in maintaining or providing records helpful to others interested in limiting" the diversion of firearms.

21. All documents, writings, articles, materials and/or tangible items reviewed and/or relied upon by Deponent concerning the members of the firearms industry that have acknowledged "their awareness and understanding of the problem of firearm diversion," including, but not limited to, testimony and statements.

22. All documents, writings, articles, materials and/or tangible items (including all data, statistics and models maintained or stored on electronic media) reviewed and/or relied upon by Deponent concerning trace requests.

23. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning firearms industry organizations and/or trade associations, including, but not limited to, the NSSF, SAAMI, ASSC and NASGW.

24. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning any "initiatives" developed by members of the firearms industry and/or firearms industry trade associations, including, but not limited to, initiatives to reduce the alleged risk of diversion of firearms from the legal to the illegal markets or to encourage the safe use and storage of firearms.

25. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning the steps, actions and/or safeguards taken by specific defendants to reduce the alleged risk of the diversion of firearms from the legal market, including, but not limited to, requirements and/or restrictions contained in distribution agreements.

26. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning the "Don't Lie for the Other Guy" program.

27. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning the theft of firearms.

28. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning the security and/or safe storage of firearms.

29. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning the "July 1993 memo by Doug Painter."

30. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning the "March 17, 2000 agreement signed by Smith & Wesson."

31. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent in reaching his opinions regarding the actions/steps that should be taken by members of the firearms to reduce the alleged diversion of firearms from the legal market.

32. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning the steps taken by members of other industries to "limit the distribution risks associated with their products," including, but not limited to, members of the tobacco, alcoholic beverage, chemical, pyrotechnic and all-terrain vehicle industries.

33. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent in forming his opinion that the firearm industry has affirmatively chosen to "not avoid or to engage in" the diversion of firearms from the legal market.

34. All documents, writings, articles, materials, memoranda, notes and/or tangible items reviewed and/or relied upon by Deponent concerning the "societal marketing concept," including, but not limited to, all such items that the Deponent believes are authoritative with regard to the "societal marketing concept."

35. All documents, articles, writings, speeches, memoranda, or other publications, whether public or non-public, reflecting statements by the Deponent regarding the marketing and distribution of firearms.

36. All documents, writings, memoranda, or correspondence reflecting or regarding the disclosure by the Deponent of information pertaining to this litigation and/or to other firearms litigation to anyone other than the lawyers representing Plaintiff in this case.

JPT/kr

JTenney\Rider.j10